UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONICA COLVIN,          *Plaintiff*, | ) ) ) |
| *vs.* | ) 1:11-cv-1544-JMS-DML ) |
| GREEN INVESTMENT GROUP, INC.; INDIGREEN, LLC; BROWN TRANSPORT, INC.; RENU RECYCLING; XYZ COMPANY,          *Defendants.* | ) ) ) ) ) |

## **ORDER**

Plaintiff filed a Complaint invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. [Dkt. 1.] Accordingly, the Court has an independent obligation to ensure that there is diversity among the parties. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed the Complaint, the Court notes that Plaintiff has failed to properly plead the citizenship of the parties, and the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

Plaintiff alleges that she is a "resident of Eaton, Preble County, Ohio." [Dkt. 1 at ¶ 4.] Plaintiff does not plead her citizenship, as is required when attempting to invoke this Court's diversity jurisdiction under 28 U.S.C § 1332. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." (citation omitted)).

Furthermore, Plaintiff does not allege the state of incorporation for Defendant Brown Transport, Inc. (though she does state an Ohio address giving the Court further cause for concern), and she alleges neither the principal place of business nor the state of incorporation for Defendant Green Investment Group, Inc. [Dkt. 1 at ¶¶ 5, 11.] Corporations have dual

citizenship: they are the citizens of their state of incorporation and of their principle place of business. 28 U.S.C. 1332(c) (1). *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (U.S. 2010) (holding that a corporation's principal place of business for purposes of federal diversity jurisdiction is determined by locating the company's "nerve center," which is typically found at the headquarters). Merely alleging the location of the Defendants' principal places of business is not enough – Plaintiff must also allege their states of incorporation.

Plaintiff's jurisdictional allegations regarding IndiGreen, LLC, are insufficient as well. Although Plaintiff alleges that IndiGreen, LLC, exists under the laws of Colorado with a principal place of business in Indiana, [dkt. 1 ¶ 6], she has failed to list the citizenship of each of its members, whose citizenships collectively constitute IndiGreen, LLC's citizenship. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Finally, Plaintiff bases some of her jurisdictional allegations "[o]n information and belief." [Dkt. 1 at ¶¶ 5, 8, 11.] However, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

To successfully invoke this Court's jurisdiction, Plaintiff must satisfy the Court that no Plaintiff has the same citizenship as that of any Defendant in this action. *Singletary v. Continental Ill. Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993) (explaining that

diversity jurisdiction cannot exist where "citizens of the same state [are] on both sides of the litigation."). She has not done so.

Because Plaintiff has failed to properly plead diversity of citizenship and may be a citizen of the same state as is one or more of the Defendants, Plaintiff shall have **fourteen days** to **SHOW CAUSE** why the Court should not immediately dismiss this action for lack of subject-matter jurisdiction. Plaintiff may automatically discharge the order to show cause by amending her Complaint to remove its jurisdictional defects.

11/23/2011

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U. S. Mail**

Lawrence J. White
2533 Far Hills Ave.
2nd Floor
Dayton, OH 45419-1582

IndiGreen, LLC
212 S. Main Street
Carthage, IN 46115

Green Investment Froup, Inc.
601 E. Third Street, Suite 302
Alton, IL 62002

Renu Recyling, Inc.
12065 Telegraph Road
Redford, MI 48239

Brown Transport, Inc.
5387 State Route 122 S.
West Alexandria, Ohio 45381